# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

7:99-CV-43-F(1)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

COLUMBUS COUNTY,
NORTH CAROLINA,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

FILED

MAR 16

David W. Daniel, Clerk
US District Court, EDNC
By ___TC___
Dep. Clerk

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, United States of America, alleges:

1.     This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2.     This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

3.     Defendant Columbus County, North Carolina ("County") is a political subdivision of the State of North Carolina and possesses the power to sue and be sued. N.C. Stat.Ann. § 153A-11.

4.     Defendant County is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

5.     Columbus County Department of Aging ("Department of Aging") is an agency of defendant County.

6. Between May 1993 and January 1994, Francina Freeman was employed in the Department of Aging as an In-Home Aide.

7. Defendant County, through its Department of Aging, has discriminated against Francina Freeman on the basis of her sex in violation of Section 703(a), 42 U.S.C. § 2000e-2(a), and retaliated against her in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by, among other things:

(a) Subjecting Ms. Freeman to a sexually hostile work environment by assigning her to work in an environment in which it knew or should have known that Ms. Freeman would be subjected to unwelcome and offensive touching of a sexual nature and failing to take prompt and appropriate remedial action to eliminate the sexually hostile work environment;

(b) Failing or refusing to assign Ms. Freeman work because of her opposition to the unwelcome sexual conduct; and

(c) Failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Ms. Freeman.

8. The Equal Employment Opportunity Commission ("EEOC") received a timely charge filed by Francina Freeman (Charge No. 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) in which she alleged that she had been discriminated against in employment by the Department of Aging by being sexually harassed and retaliated against because she opposed such harassment. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that the allegations of sexual harassment and retaliation were true, attempted unsuccessfully to

achieve through conciliation a voluntary resolution of these matters, and subsequently referred the charge to the Department of Justice.

9.      All conditions precedent to the filing of suit have been performed or have occurred.

WHEREFORE, plaintiff United States prays that this Court grant the following relief:

(a)      Enjoin defendant County from failing and refusing to:

      (i)      provide sufficient remedial relief to the charging party, Francina Freeman, to make her whole for the loss she has suffered as the result of the discrimination against her as alleged in the complaint; and

      (ii)      take other appropriate nondiscriminatory measures to overcome the effects of the discrimination; and

(b)      Award compensatory damages to Francina Freeman to fully compensate her for injuries caused by the Defendant's discriminatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The Plaintiff prays for such additional relief as justice may require, together with its costs and disbursements in this action.

JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42

- 4 -

U.S.C. § 1981a.

                              JANET RENO
                              Attorney General

By:

                              BILL LANN LEE
                              Acting Assistant Attorney General
                              Civil Rights Division


                              WILLIAM B. FENTON
                              SHARON A. SEELEY
                              Attorneys
                              U.S. Department of Justice
                              Civil Rights Division
                              Employment Litigation Section
                              P.O. Box 65968
                              Washington, D.C.  20035-5968
                              (202) 514-4761
                              Fax: (202) 514-1005


                              JANICE MCKENZIE COLE
                              United States Attorney
                              Eastern District of North Carolina

                              310 New Bern Avenue, Suite 800
                              Federal Building
                              Raleigh, North Carolina 27601-1461
                              (919) 856-4530

Date:  3/16/99