RECEIVED

MAR 16 1999

DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

FILED
MAR 23 '99

DAVID _ _ _ _, CLERK
U.S. _ _ _ _ COURT
E. _ _ _ _.

UNITED STATES OF AMERICA, )
)
)
Plaintiff, )
)
v. )  Civ. No. 7:99-CV-43-F(1)
)
)
COLUMBUS COUNTY, NORTH CAROLINA, )
)
Defendant. )
_____ )

## SETTLEMENT AGREEMENT

Plaintiff United States of America and defendant Columbus County, North Carolina ("Defendant" or "County") by and through their respective attorneys agree and stipulate as follows:

1. The above-captioned action was brought by the United States against the County to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), following receipt by the Department of Justice from the Equal Employment Opportunity Commission ("EEOC") of EEOC Charge No. 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 filed by Francina Freeman.

2. In its Complaint, the United States alleges that, during Francina Freeman's employment in the Columbus County Department of Aging ("Department of Aging") as an In-Home Aide, Defendant County, through the Department of Aging, discriminated against Ms. Freeman on the basis of her sex (female) and retaliated against her, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and -3(a), by, among other things:

  (a)  subjecting Ms. Freeman to a sexually hostile work environment by assigning her to

a work site in which it knew or should have known that Ms. Freeman would be subjected to unwelcome and offensive touching of a sexual nature and failing to take prompt and appropriate remedial action to eliminate the hostile work environment;

(b) failing or refusing to assign Ms. Freeman work because of her opposition to the unwelcome sexual conduct; and

(c) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Ms. Freeman.

3. The County denies that it has discriminated in any manner against Ms. Freeman in violation of Title VII.

4. The Court has jurisdiction over the parties and the subject matter of this action, venue is proper, and all administrative prerequisites have been met.

5. The Settlement Agreement constitutes the complete agreement between the parties with respect to the matters referred to herein, resolves all issues raised in the Complaint filed by the United States in this case, and is final and binding between the parties as to the issues raised in the Complaint; and no waiver, modification or amendment of any provision of this Settlement Agreement shall be effective unless agreed to in writing by the parties and approved by the Court or ordered by the Court.

6. The parties hereby waive, for the purposes of this Settlement Agreement only, hearings and findings of fact and conclusions of law on all issues.

7. This Settlement Agreement shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the County or a finding of any

wrongdoing or violation of any applicable federal or state law or regulation.

A. GENERAL RELIEF

8. The County by and through its officials, agents, employees and all persons in active concert or participation with the County in the performance of employment or personnel functions shall not engage in any act or practice that has the purpose or effect of unlawfully discriminating against any employee because of that employee's sex, including, but not limited to: (a) assigning an employee to work in an environment in which the County has reason to know the employee will be subjected to sexual harassment; (b) otherwise creating, maintaining, supporting or condoning a sexually hostile work environment; and (c) failing or refusing promptly to investigate after receiving notice of a complaint of sexual harassment and to take prompt and sufficient remedial action when the investigation disclosed that sexual harassment occurred.

9 The County by and through its officials, agents, employees and all persons in active concert or participation with the County in the performance of employment or personnel functions shall not retaliate against any person because that person formally or informally has complained of or otherwise opposed an allegedly discriminatory employment policy or practice, filed a charge with the EEOC or any state or local fair employment practices agency, or participated or cooperated in any proceeding under Title VII, including, but not limited to, the initiation, investigation, litigation, or administration of this case or this Settlement Agreement.

B. SPECIFIC RELIEF

In settlement of the claim of the United States for relief on behalf of Francina Freeman, the Defendant County agrees to do the following:

10. The County shall offer Ms. Freeman a back pay monetary award of $4,474, consisting

of $3,131 in principal and $1,343 in pre-judgment interest. The principal amount of the back pay monetary award shall be subject to withholding for income taxes and FICA, which are to be deducted by the County from Ms. Freeman's monetary award. The County shall separately pay the appropriate employer's contribution to the Social Security fund due on the principal amount of the back pay award; the employer's contribution shall not be deducted from the monetary award paid to Ms. Freeman. The County shall issue Ms. Freeman a Form 1099 or other appropriate form to reflect the interest portion of the back pay monetary award.

11. The County shall offer to pay Ms. Freeman an additional monetary award of $1,776 in compensatory damages. The County shall inform Ms. Freeman in its notice letter to her (attached as Appendix A) that all or part of this award may be subject to federal income tax.

12. Ms. Freeman has informed the undersigned counsel for the United States that she has obtained other employment and no longer desires to return to the position she held with the Department of Aging. Accordingly, this Settlement Agreement does not require that the County offer Ms. Freeman job opportunity relief. However, the County will consider Ms. Freeman on the same basis as any other individual if Ms. Freeman seeks employment with the County in the Department of Aging or any other department, office or agency of the County after the date of execution of this Settlement Agreement by the parties.

13. In order to accept the relief offered to her by the County under this Settlement Agreement, Francina Freeman must execute the Release form attached as Appendix B.

14. The County shall notify Ms. Freeman of the terms of this Settlement Agreement within ten (10) days after it is executed by the parties by mailing to her by certified mail, return receipt requested, a copy of the letter set forth in Appendix A, a copy of this Settlement

Agreement, and a copy of the Release form attached as Appendix B. The letter set forth in Appendix A will advise Ms. Freeman that, to accept the relief offered to her or any part of it, she must return the executed Release form to the County within forty-five (45) days of her receipt of the letter set forth in Appendix A unless she shows good cause for failing to do so.

15. The County shall pay the monetary awards pursuant to Paragraphs 10 and 11, above, to Francina Freeman within ten (10) days after its receipt of the executed Appendix B Release form.

C. ADOPTION AND MAINTENANCE OF SEXUAL HARASSMENT POLICY

16. Within thirty (30) days after the date of execution of this Settlement Agreement by the parties, the County shall adopt and implement, and shall thereafter during the term of this Settlement Agreement continuously maintain, the sexual harassment policy applicable to the Department of Aging that is attached as Appendix C to this Settlement Agreement.

17. Within thirty (30) days after the execution of this Settlement Agreement by the parties, the County shall post a copy of the policy attached as Appendix C in locations in the Department of Aging easily accessible to and regularly frequented by In-Home Aides and any other in-home service providers.

18. Within thirty (30) days after the date of execution of this Settlement Agreement by the parties, the County shall issue a copy of the policy attached as Appendix C to all employees in the Department of Aging, including, but not limited to, In-Home Aides.

19. On or prior to such individual's first day of work, the County shall provide a copy of the policy attached as Appendix C to each individual who begins working for the Department of Aging during the term of this Settlement Agreement.

20. During orientation of in-home service providers, Department of Aging personnel will specifically discuss with each new in-home service provider the County's policy against sexual harassment, including harassment by Department of Aging clients, their family members, or other caregivers, and how the in-home service provider may report conduct which (s)he believes violates the policy.

21. The County, through the Department of Aging, shall provide a copy of the policy statement attached as Appendix D to all clients receiving in-home services through the Department of Aging during the term of this Settlement Agreement and to all such clients' family member(s) or caregiver(s) who the Department of Aging knows or reasonably should know to be regularly present in a client's home when in-home services are provided.

D.    TRAINING

22. The County shall provide sexual harassment training to all case managers, case workers, social workers, coordinators, and supervisory and management personnel in the Department of Aging according to the following terms:

(a)    The training session will include at least two (2) hours of instruction.

(b)    The training will include the following topics: what constitutes sexual harassment in violation of Title VII; how to prevent, identify and remedy sexual harassment, including harassment occurring in a client's home; what constitutes retaliation in violation of Title VII; the Department of Aging's policy against sexual harassment and retaliation; and implementation of the Department of Aging's policy against sexual harassment, including procedures and responsibilities for reporting, investigating and remedying conduct an employee believes may constitute sexual

harassment.

(c)     The County will retain a consultant/trainer who will conduct the training session.

(d)     Within thirty (30) days after execution of this Settlement Agreement by the parties, the County shall submit to the United States the name, address, telephone number and resume of the proposed consultant/trainer together with the date of the proposed training session and a detailed outline of the proposed training. The United States will have thirty (30) days after the date of receipt of such information to accept or reject the training proposal; the United States will not unreasonably withhold its approval of the proposal. If the United States does not approve the consultant/trainer designated by the County and/or the contents of the training session, the parties shall attempt to resolve the matter and, if unsuccessful, submit the dispute to the Court pursuant to paragraph 27 of this Settlement Agreement.

(e)     The training session will be conducted within ninety (90) days after the date of execution of this Settlement Agreement by the parties.

(f)     The County will prepare and maintain a videotape of the training session. Within thirty (30) days after the date of the training session, the County will show the videotape to any employee who should have received training under this paragraph but was unable, despite good faith efforts, to attend the training session. Additionally, the County will require that each individual who begins working in the Department of Aging as a case manager, case worker, social worker, coordinator, or supervisory or management employee after the date of the training

32.  The parties shall bear their own costs and attorneys' fees incurred in this matter, including costs and fees incurred in complying with this Settlement Agreement.  However, the parties retain the right to request an award of costs and fees incurred in the future to enforce this Settlement Agreement or obtain resolution by the Court of any dispute under the Settlement Agreement.

AGREED TO:

For the Plaintiff, the United
States of America

_Sharon A. Seeley_ Dated: 3/15/99
WILLIAM B. FENTON
SHARON A. SEELEY
Attorneys
United States Department of Justice
Civil Rights Division
Employment Litigation Section
P.O. Box 65968
Washington, D.C. 20035-65968
(202) 514-4761

JANICE McKENZIE COLE
United States Attorney
Eastern District of North Carolina
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, North Carolina 27601-1461

For the Defendant, Columbus County,
Carolina

3-4-99

_James E. Hill_ Dated: 3/4/99
JAMES E. HILL, JR.
Hill & High, LLP
P.O. Box 268
120 Courthouse Square
Whiteville, North Carolina 28472
(910) 642-8136

DONE and ORDERED this 22d day of March, 1999.

_____
UNITED STATES DISTRICT JUDGE

## APPENDIX A

### NOTICE LETTER

Ms. Francina Freeman
[ADDRESS]

Dear Ms. Freeman:

A settlement agreement has been entered settling a complaint of employment discrimination filed by the United States against Columbus County, North Carolina.

Under the terms of the Settlement Agreement in the case of <u>United States</u> v. <u>Columbus County, N.C.</u>, Civil Action No. _____ (E.D. N.C.), a copy of which is enclosed, you are being offered monetary awards totaling $6,250, which consist of (a) a monetary award for back pay in the amount of $3,131; (b) $1,343 in prejudgment interest on the back pay amount; and (c) a monetary award for compensatory damages in the amount of $1,776.

The above relief is being offered to you on the following condition: in order to accept the relief offered, the County will require that you release it from all employment discrimination claims you may presently have against it arising out of the above referenced case and EEOC Charge No. 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. To accept the relief offered, you must complete the enclosed Release form and return it to:

Mr. James E. Hill, Jr.
Hill & High, LLP
P.O. Box 268
102 Courthouse Square
Whiteville, North Carolina 28472

The Release form must be signed and returned within forty-five (45) days of your receipt of this letter. The Release may be returned by mail or in person. In either case, the Release must be signed in the presence of a Notary Public and thereafter notarized before you return it.

**IF YOU FAIL TO SIGN AND SUBMIT THE RELEASE FORM WITHIN FORTY-FIVE (45) DAYS FROM YOUR RECEIPT OF THIS NOTICE LETTER, YOU WILL FORFEIT YOUR RIGHTS TO ANY MONETARY AWARD OR OTHER RELIEF UNDER THIS SETTLEMENT AGREEMENT, UNLESS YOU CAN SHOW GOOD CAUSE FOR YOUR FAILURE TO DO SO WITHIN A REASONABLE TIME THEREAFTER.**

Payment to you of the monetary awards will be made within ten (10) days after receipt by the undersigned of your signed Release.

If you have any questions concerning this settlement, you may contact Sharon A. Seeley, attorney for the United States Department of Justice at (202) 514-4761.

Sincerely,

_____
James E. Hill, Jr.
Attorney for Defendant

Enclosure

-2-

**APPENDIX B**

RELEASE

United States v. Columbus County, North Carolina
Civil Action No.

STATE OF NORTH CAROLINA

COUNTY OF _____

   For and in consideration of the acceptance of the relief offered me pursuant to the provisions of the Settlement Agreement entered in United States v. Columbus County, North Carolina, Civil Action No. [number] (E.D. N.C.), I, Francina Freeman, hereby release and forever discharge the Defendant Columbus County, North Carolina, employees and agents, of and from all legal and equitable claims arising out of that action and EEOC Charge No. 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.

   I understand that the relief offered to me by Defendant in consideration for this Release does not constitute an admission by any of the parties released of the validity of any claim raised by me or on my behalf.

   This Release constitutes the entire agreement between Defendant and myself, without exception or exclusion.

   I acknowledge that a copy of the Settlement Agreement in this action has been made available to me.

   **I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.**

   Signed this _____ day of _____, 1999.


_____
Francina Freeman

Subscribed and Sworn to before me this _____ day of _____, 1999.


_____
NOTARY PUBLIC

My commission expires: _____.

**APPENDIX C**

**COLUMBUS COUNTY**
**DEPARTMENT OF AGING**
**<u>SEXUAL HARASSMENT POLICY</u>**

## INTRODUCTION

Sexual harassment is a form of sex discrimination. Sexual harassment violates Title VII of the federal Civil Rights Act of 1964 and Columbus County policy.

Sexual harassment is defined by the U.S. Equal Employment Opportunity Commission ("EEOC") as "unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature." Sexual harassment may include overly familiar touching, sexual innuendos, jokes, written material or pictures, and remarks or gestures of a sexual nature.

It is the policy of the Department of Aging to prohibit sexual harassment of employees in the workplace by any person and in any form. This policy applies with equal force to men and women; to same and opposite sex relationships; and to supervisor-subordinate and co-worker relationships. It also applies to customer/client and other relationships with non-employees.

Sexual harassment of employees in County facilities or in other settings in which employees may find themselves in the performance of their duties is unlawful conduct which will not be tolerated by the Department of Aging.

Further, any retaliation against an individual who has complained about sexual harassment or who has cooperated with an investigation of a sexual harassment complaint is also unlawful and will not be tolerated.

Because the Department of Aging takes allegations of sexual harassment seriously, it will respond promptly to complaints of sexual harassment. Where it is determined that inappropriate conduct has occurred, the Department of Aging will act promptly to eliminate the conduct and impose any necessary corrective action, including discipline of an employee or termination of services to a client where appropriate.

To achieve the goal of providing each employee with a workplace free from sexual harassment, this policy describes conduct that will not be tolerated and provides a procedure for the reporting and investigation of inappropriate conduct experienced or observed by Department of Aging personnel.

Any questions regarding the Department of Aging policy against sexual harassment may be addressed to [NAME, POSITION, TELEPHONE NUMBER, ADDRESS].

In addition to making a complaint as explained in this policy, if you believe you have been subjected to sexual harassment on the job, you may file a formal charge with the United States Equal Employment Opportunity Commission, Raleigh Area Office, 1309 Annapolis Drive, Raleigh, North Carolina 27608-2129 (Telephone: (919) 856-4064). You may file a charge with the EEOC whether or not you have also used the Department of Aging complaint procedure set forth below.

## CONDUCT PROHIBITED

No manager, supervisor or other employee shall threaten or suggest either explicitly or implicitly that another employee's refusal to submit to any form of sexual advances will in any way affect that person's employment, assignments, performance evaluations, wages, compensation, benefits, advancement, promotion, duties, or other terms or conditions of employment.

All employees are prohibited from offering, promising or granting preferential treatment to any employee as a result of that individual's engaging or agreeing to engage in sexual conduct of any kind.

No employee shall engage in behavior of a sexual nature that reasonably may be offensive to another employee, interfere with another employee's work performance, or create an intimidating, hostile, humiliating or offensive work environment. This prohibition applies to conduct occurring in Department of Aging facilities as well as conduct occurring in another work site, such as a client's home. The prohibition applies to behavior that is physical, verbal or visual.

While it is not possible to list all the behaviors that may violate this policy, examples include:

* Unwelcome sexual flirtation, advances, or propositions

* Requests or pressure for sexual favors

* Jokes, stories, or verbal abuse of a sexual nature

* Comments about a person's body or sexual activities, deficiencies or prowess

* Inquiries into a person's sexual experiences or activities

* Sexually explicit, offensive or degrading words used to describe a person

* Display of sexually suggestive objects, pictures or drawings

* Cornering, leering, whistling, or suggestive or insulting comments

* Brushing against a person's body

* Other unnecessary and unwelcome physical contact

The Department of Aging will not tolerate any form of sexually harassing conduct on the job by employees or by non-employees such as clients and their family members or caregivers.

-2-

## COMPLAINT PROCEDURE

Any individual who believes that he or she has been subjected to any form of sexual harassment on the job by any manager, supervisor, co-worker, client, or other non-employee has the right to file a complaint with the Department of Aging. This may be done orally or in writing.

If you would like to file a complaint under this policy, you may do so by contacting [NAME, POSITION, TELEPHONE NUMBER AND ADDRESS]. An employee who feels comfortable reporting an incident of harassment to his or her supervisor instead may do so.

Any manager or supervisor who receives such a report must inform the above-named official of the report. Further, any manager or supervisor who observes or otherwise becomes aware of any conduct or incident that could be construed as sexual harassment prohibited by this policy must report the conduct or incident to the above-named official.

A non-supervisory employee who observes any conduct or incident that could be construed as sexual harassment prohibited by this policy should report the conduct or incident to the above-named official or, if the employee is more comfortable doing so, report it to any other Department of Aging manager or supervisor.


## INVESTIGATION AND CORRECTIVE ACTION

The Department of Aging will investigate all allegations of sexual harassment in as prompt and confidential a manner as possible.

Appropriate corrective action will be taken when warranted.

The Department of Aging expects employees who are contacted in the course of an investigation of an allegation of sexual harassment to cooperate fully and to treat the matter as confidential.

Retaliation in any form against any employee who has exercised his or her right to make a complaint under this policy or who provides information during the course of an investigation under this policy is strictly prohibited. Any such retaliation will itself be cause for disciplinary action.

The Director of the Department of Aging will review the investigation, any conclusions reached, and any proposed corrective action.

The employee who initiated the complaint will be informed generally of the results of the investigation and the corrective action taken, if any.

An employee who has complained of sexual harassment or who has been disciplined for violating this policy against sexual harassment may appeal the result of the investigation or the discipline imposed to [NAME, POSITION, and ADDRESS of COUNTY OFFICIAL]. An employee must

-3-

do so within seven (7) calendar days after receiving notice of the result of the investigation or the disciplinary action.

Any employee who is found, as a result of such an investigation, to have engaged in any inappropriate behavior in violation of this policy will be subject to appropriate disciplinary action, up to and including termination of employment.

If a client or client's family member or other caregiver is found to have engaged in inappropriate behavior in violation of this policy, appropriate corrective action may include modification, limitation, or termination of services to the client.

-4-

**APPENDIX D**

## POLICY STATEMENT FOR RECIPIENTS OF COLUMBUS COUNTY DEPARTMENT OF AGING IN-HOME SERVICES

Sexual harassment of Department of Aging employees is a form of sex discrimination which violates federal law and Columbus County policy.

Overly familiar touching, sexual innuendos, jokes, written material or pictures, and remarks or gestures of a sexual nature may be sexual harassment. Specific examples include:

* Unwelcome sexual flirtation, advances, or propositions

* Requests or pressure for sexual favors

* Jokes, stories, or verbal abuse of a sexual nature

* Comments about a person's body or sexual activities, deficiencies or prowess

* Inquiries into a person's sexual experiences or activities

* Sexually explicit, offensive or degrading words used to describe a person

* Display of sexually suggestive objects, pictures or drawings

* Cornering, leering, whistling, or suggestive or insulting comments

* Brushing against a person's body

* Other unnecessary and unwelcome physical contact

It is the policy of the Department of Aging to prohibit sexual harassment of its employees by any person, including clients, their family members and other caregivers.

Sexual harassment of employees while they are engaged in the performance of their duties will not be tolerated by the Department of Aging.

In particular, the Department will not tolerate harassment of a Department of Aging employee, such as an In-Home Aide, social worker, nurse or case manager, while the employee is providing services to a client in the client's home or other facility.

Because the Department of Aging takes allegations of sexual harassment seriously, it will respond promptly whenever an employee complains that he or she has been subjected to sexual harassment while providing services to a client.

Where it is determined that inappropriate conduct has occurred, the Department of Aging will act promptly to eliminate the conduct and impose appropriate corrective action. Such action may include limitation, modification or even termination of services to a client.